**WARREN PETROLEUM CORP. et al.**

v.

**BOYLES et al.**

No. 35996.

Supreme Court of Oklahoma.

April 6, 1954.

Rehearing Denied May 11, 1954.

Warren M. Sparks, O. Gordon Oldham, B. James McGraw, Arthur F. Whitt, Tulsa, for plaintiff in error Warren Petroleum Corp.

Steele, Daugherty & Downey, Tulsa, for plaintiff in error J. E. Crosbie, Inc.

W. F. Semple, Tulsa, and W. O. Leach, Duncan, for defendants in error.

WELCH, Justice.

The plaintiff sued the defendants for $2,000 allegedly due as the balance of the agreed bonus consideration for an oil and gas lease.

Essential facts are as follows: D. W. Ratliff died owning certain real estate. Plaintiffs were his legal heirs. Defendants agreed to purchase from plaintiffs an oil and gas lease on said lands, primary term three years, for $15,000. The lease was executed and delivered and recorded. Defendants paid plaintiffs $13,000, and with consent of the plaintiffs the balance of $2,000 was held in a bank deposit pending closing of the probate proceedings of the D. W. Ratliff estate. Defendants paid the annual delay rentals, but did not drill for oil on the land. Upon expiration of the three year primary term defendants released the lease and drew down the $2,000 deposited as aforesaid.

Meanwhile various proceedings had gone forward in the probate case of the D. W. Ratliff estate and final closing thereof was reached after expiration of the three year primary term of the lease and after the lease was relinquished by defendants. However, during all of the three year primary term the defendants had kept the lease and with it the exclusive right to drill for oil.

Defendants contend the failure of plaintiffs to accomplish the closing of the probate case during the three year primary term of the lease amounted to a breach of covenant or of duty of plaintiffs and therefore plaintiffs could not recover the $2,000.

We need not discuss the point that this amounts to a contention of forfeiture by plaintiffs because we find there was no breach of covenant by plaintiffs. There was in fact no covenant by plaintiffs. Payment of the balance of $2,000 was merely withheld until the estate was closed. In effect, it was held up as and for a protection against loss or damage, if there could be any, on account of failure to close the probate of the estate. The defendants in purchasing the lease evidently deemed it unimportant, or not material, to fix any time at all in which to require closing of the estate, as no such time was fixed or in any way referred to. And if the $2,000 was withheld to protect from loss for failure to close the estate it would be quite immaterial and unnecessary to fix any such time. If the estate's remaining unclosed at any time had caused loss to defendants a different situation would be presented, but no showing of any such loss was made.

Defendants do offer some agreement to the effect that their lease was not merchantable and that they could not have safely developed the lease before the estate was closed, but we cannot follow that contention to the conclusion that there was any loss to defendants from the estate remaining in the same unclosed status which existed when they bought the lease. They never complained to plaintiffs at any time that their lease was not merchantable or that they could not safely develop because of the unclosed status of the estate. Instead, they continued to reserve to themselves the exclusive right to drill this land for the full term for which they contracted and for which they contracted to pay the full purchase price.

We conclude there was no breach on plaintiffs' part since they were in no wise obligated or required to close the estate in any fixed time, and when the estate was

closed, there was no loss shown to have resulted to defendants because the estate was not sooner closed.

The trial court stated his finding and conclusion as follows:

"I find that plaintiffs failed to close probate proceedings within primary term of lease of three years, but that this failure or breach was waived by the defendant.

"In this connection, I further find the defendant with knowledge of the said breach, accepted all the benefits under the lease which it originally contracted for, and plaintiff continued to be bound under the lease and the defendant suffered no detriment or damages by plaintiff's failure."

We do not quite understand the use of the word "breach" in these sentences. It was apparently not a studied use, but perhaps it was merely used as being synonymous with "failure." In the briefs there is some reference to this as constituting a finding by the trial court that there was a breach of some covenant by plaintiffs, but that construction of this finding by the court is quite unjustified.

The overall findings of fact and conclusions of the trial court were correct, and plaintiffs were entitled to collect the $2,000 involved as the trial court decided.

Defendants next contend the plaintiffs did not show compliance with the Intangible Tax Law, 68 O.S.1951 § 1515 et seq. On that point we observe that plaintiffs in their petition alleged compliance therewith by listing the item and paying the taxes assessed thereon. Tax receipts for several years were identified and introduced in evidence. The receipts themselves and the evidence in reference to them and to this item tend to show payment of this tax for each year involved. It is true as to one tax receipt there is some indication that it was for only one-half of the year's tax, but there is stronger indication that it was for all taxes on the item for the year.

This action was tried to the court upon waiver of jury. The defendants demurred to the evidence and, upon its being over-ruled, stood thereon and offered no proof. Under the applicable rule this evidence on this point was wholly sufficient to withstand defendants' demurrer and to sustain the findings of this issue for plaintiffs.

JOHNSON, V. C. J., and CORN, DAVISON, ARNOLD, O'NEAL, WILLIAMS and BLACKBIRD, JJ., concur.